IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRUCE BODOR, individually and as Trustee for Green Park Trust, GREEN PARK TRUST, IRONWOOD COMPANY TRUST, SHARBERHOUSE TRUST, SNOW CREEK TRUST, SEVIER PARK TRUST, WALNUT GROVE TRUST, FOGERTY BEACH TRUST, BLMS TRUST, and MAJESTIC MOUNTAIN TRUST,<br><br>    Plaintiffs,<br><br>v.<br><br>GREENTREE SERVICING, LLC, successor in interest to Conseco Finance Servicing Corp., and CLAY BORDERS, individually,<br><br>    Defendants. | Civil No. 3:06-0723<br>Judge Trauger |

## MEMORANDUM and ORDER

The plaintiffs have filed a Motion to Remand (Docket No. 7), to which the defendants have responded in opposition (Docket No. 10). The plaintiffs filed this action for tortious interference with contract in the Circuit Court for Davidson County, Tennessee on June 23, 2006. (Docket No. 1, Ex. A) The defendants removed the case to this court on July 26, 2006, alleging that this court had diversity jurisdiction because the party who prevents the existence of complete diversity is defendant Clay Borders, who has been fraudulently joined by the plaintiffs "in an attempt to avoid federal jurisdiction." (Docket No. 1 at 3) The plaintiffs contend that there is a sufficient basis for independent liability on the part of defendant Borders and, because he, like the plaintiffs, is a Tennessee resident, this court does not have diversity jurisdiction.

1

The defendants, as the removing parties, have the burden to establish fraudulent joinder and, therefore, diversity jurisdiction in this court. *England v. Layne*, 26 F.3d 39, 41 (6th Cir. 1994). The standard for establishing fraudulent joinder has been clearly set out by the Sixth Circuit:

> [F]raudulent joinder of non-diverse defendants will not defeat removal on diversity grounds. . . . To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law. . . . However, if there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, [the case must be remanded to state court]. The district court must resolve "all disputed questions of fact and ambiguities in the controlling . . . state law in favor of the non-removing party." All doubts as to the propriety of removal are resolved in favor of remand.

*Coyne v. American Tobacco Co.*, 183 F.3d 488, 492-3 (6th Cir. 1999) (internal citations omitted).

The defendants rely upon *Forrester v. Stockstill*, 869 S.W.2d 328 (Tenn. 1994) for the proposition that defendant Borders, who was an employee of defendant Conseco Finance Servicing Corp./Greentree Servicing, LLC ("Conseco/Greentree"), can only be individually liable for this tort cause of action if he was acting outside the scope of his employment, or with malice, or was substantially motivated by an intent to further his own interest, as opposed to the interest of his corporate employer. The defendant argues that, because the Complaint specifically alleges that defendant Borders was acting within the course and scope of his employment for the corporate defendants, and because the Complaint does not allege that Borders was acting with malice or with an intent to further his own interests, the plaintiffs have failed to state a cause of action against Borders that can succeed under state law. The defendants, therefore, conclude that Borders has been fraudulently joined to defeat diversity jurisdiction.

2

The defendants' argument does not take account of the fraudulent joinder standard in this Circuit. It is true that the Complaint alleges that Borders was acting within the course and scope of his employment (Docket No. 1, Ex. A, ¶9), and the plaintiffs reiterate that assertion in their Motion to Remand (Docket No. 7 at 3). However, the plaintiffs clearly allege that their cause of action is under the Tennessee statutory enactment of tortious interference with contract, Tennessee Code Annotated § 40-50-109. (Docket No. 1, Ex. A, ¶18) One of the elements of this tort is a malicious intent. *Forrester*, 869 S.W.2d at 330; *Atchley v. R.K. Company*, 224 F.3d 537, 540 (6th Cir. 2000). A complaint is sufficient if it contains either direct or "inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Performance Contracting, Inc. v. Seabord Surety Co.*, 163 F.3d 366, 369 (6th Cir. 1998) (internal citations omitted).

This court finds that the invocation of the statutory cause of action constitutes an inferential allegation of malice on the part of both defendants, since malice is an element of this court of action. Moreover, the fact that the plaintiffs allege that defendant Borders was acting within the course and scope of his employment does not automatically foreclose an individual claim against him under Tennessee law. In *Dowlen v. Weathers*, 2005 Tenn. App. LEXIS 289 (Tenn. Ct. App. May 17, 2005), defendant Weathers, the principal broker of a real estate firm, was found individually liable for tortious interference along with his real estate firm, even though the facts set out in the case reveal that he was acting within the course and scope of his employment.

Applying the *Coyne* standard, this court finds that there is a "colorable basis" for predicting that the plaintiffs may recover against defendant Borders individually. Therefore, his

3

legitimate presence as a defendant in this case destroys this court's diversity jurisdiction, and the case must be remanded to the Davidson County Circuit Court, from whence it came.

It is hereby **ORDERED** that the Clerk shall **REMAND** this case to the Circuit Court for Davidson County, Tennessee.

It is so **ORDERED**.

ENTER this 11th day of September 2006.

_____
ALETA A. TRAUGER
U.S. District Judge

4